IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16CV325

| | |
|---|---|
| VIVIAN ROBERTI, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 8, 10). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be granted, and the Commissioner's motion for summary judgment be denied.

**I.      Procedural History**

On January 9, 2013, plaintiff protectively-filed an application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 28.) Plaintiff alleged a disability onset date of October 1, 2010. (T. 28.) The Social Security Administration denied Plaintiff's claim initially on March 25, 2013. (T. 28.) The claim was denied upon reconsideration on December 9, 2013. (T. 28.) On February 4, 2014, Plaintiff filed a written request for a hearing. (T. 28.)

On March 23, 2015, a video hearing was held with Plaintiff appearing in Asheville, North Carolina, and the Administrative Law Judge ("ALJ") presiding over the hearing from Kingsport,

Tennessee. (T. 28.) The ALJ issued a decision finding that Plaintiff was not disabled from October 1, 2010, through the date of his decision, April 13, 2015. (T. 28-42.) Plaintiff requested review of the ALJ's decision. (T. 9-11.) The Appeals Council denied Plaintiff's request for review. (T. 8.) On September 28, 2016, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant

is not disabled, and the process comes to an end.  Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015).  The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability.  Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC").  Mascio, 780 F.3d at 635.  After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work.  Id.  The burden is on the claimant to demonstrate that he or she is unable to perform past work.  Monroe, 826 F.3d at 180.  If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five.  Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.  Id.  The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience.  Id.; Monroe, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

In his April 13, 2015, decision, the ALJ found that Plaintiff was not disabled under Sections

3

216(i) and 233(d) of the Social Security Act. (T. 42.) The ALJ made the following specific findings:

> (1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.
>
> (2) The claimant has not engaged in substantial gainful activity since October 1, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).
>
> (3) The claimant has the following severe impairment: bilateral sensory neural hearing loss (20 C.F.R. § 404.1520(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> (5) The claimant has the residual functional capacity to perform a full range of work at all exertional levels with the following non-exertional limitations: She can perform no climbing of ladders, ropes, or scaffolds, and she should avoid concentrated exposure to noise and concentrated exposure to hazards.
>
> (6) The claimant is capable of performing her past relevant work as a social worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565).
>
> (7) The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2010, through April 13, 2015 (20 C.F.R. § 404.1520(f)).

(T. 28-42.)

**IV.    Standard of Review**

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v.

4

Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he or she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

**V. Discussion**

In her first and most compelling assignment of error, Plaintiff argues that the ALJ erred by finding that her mental limitations are not severe. Pl.'s Mem. Supp. (# 9) at 11-15. In particular, Plaintiff contends that overwhelming evidence demonstrates she suffers with Bipolar Disorder I and Major Depressive Disorder. Id. at 11. The Court agrees.

Plaintiff bears the burden of proof at the second step of the sequential evaluation. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A "severe" impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c); accord Riggs v. Berryhill, No. 4:16-CV-00011-F, 2017 WL 1102620, at *2 n.4 (E.D.N.C. Mar. 24, 2017). An impairment may be deemed "'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (citation omitted); Cook v. Berryhill, No.

5

2:17-CV-03374, 2017 WL 6614895, at *12 (S.D. W.Va. Nov. 22, 2017).

The ALJ noted that Plaintiff had alleged disability based on mental health issues noted in connection with affective disorders bipolar and depression. (T. 32.) After outlining the evidence, as the ALJ viewed it, he concluded as follows:

> The claimant's medically determinable mental impairments of affective disorders (bipolar disorder, major depressive disorder, cyclothymic disorder and adjustment disorder), considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic work activities and are therefore non-severe.

(T. 35.) As addressed below, this finding is not supported by substantial evidence.

On November 13, 2014, John W. Ludgate, Ph.D., completed a Medical Source Statement, which rated Plaintiff's capabilities. (T. 478-82.) Dr. Ludgate noted that he had seen Plaintiff bi-weekly from April 15, 2013 to May 29, 2013. (T. 487.) Dr. Ludgate diagnosed Plaintiff with Bipolar Disorder I. (T. 478.) Dr. Ludgate found that Plaintiff suffered with the following signs and symptoms: poor memory, mood disturbance, emotional lability, anhedonia or pervasive loss of interests, difficulty thinking or concentrating, social withdrawal or isolation, decreased energy, and manic syndrome. (T. 478.) Dr. Ludgate opined that Plaintiff has "<u>significant impairment</u> as a result of Bipolar Disorder." (T. 479.) (emphasis added.) Dr. Ludgate further opined that he anticipated that Plaintiff's impairments or treatment would cause her to be absent from work "[m]ore than 3 times a month." (T. 479.) Dr. Ludgate concluded that the restrictions he found had existed since at least October 1, 2010. (T. 482.)

The Commissioner appears to argue that Dr. Ludgate's Medical Source Statement is entitled to minimal weight because it is primarily a check-box form. Def.'s Mem. Supp. (# 11) at 5. This argument is not persuasive because Dr. Ludgate's opinions are supported by several other medical experts, both treating and non-treating sources.

6

Plaintiff was treated for her mental health impairments at the Asheville Family Health Center. By way of example, the Court has outlined several of the office notes with relevant findings. On November 28, 2012, Jason Goldie, M.D. determined that Plaintiff was suffering from an "acute" episode of mania. (T. 379.) On November 20, 2012, Dr. Goldie saw Plaintiff for a follow-up on her depression and/or anxiety. (T. 382.) On December 5, 2012, Dr. Goldie opined that Plaintiff was suffering from an "acute" episode of mania. (T. 377.) On December 24, 2012, Plaintiff was, again, suffering with an "acute" episode of mania. (T. 376.) On January 2, 2013, Mark Lenderman noted that Plaintiff was suffering with a "sleep problem" and was extremely emotional. (T. 373.) On January 9, 2013, Dr. Goldie noted that Plaintiff's "mood and affect are described as – manic." (T. 370.)

The opinions offered by the above-noted treating sources finds further support in the opinions offered by the DDS medical experts. On March 22, 2013, Angeles Alvarez-Mullin, M.D., opined that Plaintiff suffered with Affective Disorders, which were "severe." (T. 75.) On November 5, 2013, Jeff Long, Ph.D., opined that Plaintiff's Affective Disorders were "severe." (T. 96.)

In sum, the Law Judge's finding that Plaintiff's mental impairments were not severe is not supported by substantial evidence. See Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007) ("Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard[.]" (internal citations omitted)) Therefore, remand is warranted.[1]

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary

---

[1] Plaintiff seeks an order of reversal or a remand. Pl.'s Mot. (# 8) at 1. Plaintiff raises four assignments of error. See Pl.'s Br. Supp. (# 9). Because Plaintiff has established that she is entitled to remand on her first assignment of error, the Court will not address the remaining assignments of error.

7

judgment (# 8) be GRANTED, and this case be REMANDED for further proceedings, and the Commissioner's motion for summary judgment (# 10) be DENIED.

Signed: January 31, 2018

Dennis L. Howell
United States Magistrate Judge

8

Case 1:16-cv-00325-MOC-WCM   Document 20   Filed 02/01/18   Page 8 of 9

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).